IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CINSEREE JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SOLUTIONS FOR PROGRESS, INC. | : | NO. 12-1915 |
| OHIO ASSOCIATION OF SECOND | : | |
| HARVEST FOOD BANKS | : | |

FILED
MAY - 8 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

SCHILLER, J.                                                      MAY 8, 2012

Plaintiff Cinseree Johnson filed this pro se civil action against Solutions for Progress, Inc. and Ohio Association of Second Harvest Food Banks. She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint without prejudice to her filing an amended complaint.

### I.   FACTS

Plaintiff claims that on April 11, 2011, the defendants "barred [her] from serving as a volunteer Benefit Bank Counselor." (Compl. 2.) That assertion is the sole basis for plaintiff's claims that the defendants discriminated against her "in response to [her] alleged association with a white male" and retaliated against her based on her "long standing criticism of Ohio University, AmeriCORP, and The Corporation for national and Community Service." (Id.) She seeks $100,000 in damages and injunctive relief.

### II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma*

pauperis because she has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court may also dismiss a complaint that fails to satisfy Federal Rule of Civil Procedure 8(a), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). A complaint fails to satisfy Rule 8 if it offers only "labels and conclusions" without "further factual enhancement." Iqbal, 556 U.S. at 677-78.

### III. DISCUSSION

The Court will dismiss plaintiff's complaint because she has failed to state a claim for relief. First, plaintiff has

provided almost no factual basis for her claims. Regardless, to the extent she is attempting to raise race discrimination and/or retaliation claims under Title VII, she has not stated a claim because volunteers are not necessarily employees for purposes of that statute and her sparse allegations are insufficient to establish that Title VII applies in her circumstances. See Bryson v. Middlefield Volunteer Fire Dep't, Inc., 565 F.3d 348, 353-54 (6th Cir. 2011). Nor has she stated a claim under Title VI, which prohibits race discrimination by entities receiving federal funding. See 42 U.S.C. § 2000d; Baker v. Bd. of Regents of Kan., 991 F.2d 628, 630 (10th Cir. 1993) ("The two elements for establishing a cause of action pursuant to Title VI are (1) that there is racial or national origin discrimination and (2) the entity engaging in discrimination is receiving federal financial assistance."). Finally, there is no basis for any claims under 42 U.S.C. § 1983 because nothing in the complaint suggests that the defendants are state actors. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law.").

Plaintiff also suggests that she is raising claims within the Court's diversity jurisdiction. Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir.

2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant."). It is not clear that diversity jurisdiction exists over any state law claims plaintiff might be pursuing because the complaint does not reflect the citizenship of the parties. See 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); Washington v. Hovensa LLC, 652 F.3d 340, 343-44 (3d Cir. 2011)(an individual is a citizen of the state where she is physically present and intends to remain); Zambelli, 592 F.3d at 420 ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members.").

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Accordingly, plaintiff will be given the opportunity to file an amended complaint in the event she can state a claim. An appropriate order follows.